## JOE PLEMONS v. THE STATE.

### No. 2701. Decided March 4, 1903.

**1.—Forgery—Instrument Subject of.**

The instrument, as set out in the indictment for forgery, was "October 20, Mr. W. J. Claybrook pleas pay to Joe Plemons eight dollars and fifty cents $8.50 fore I. A. Butler." Held, the instrument was a proper basis of forgery with innuendo averments, as made. Following Hendricks v. State, 26 Texas Crim. App., 176.

**2.—Same—Charge of Court.**

On a trial for forgery, where the court has called the attention of the jury to that phase of the law which requires the intent to injure and defraud, it was not error to omit such instruction in connection with another portion of the charge which instructed that defendant would be guilty if he forged the instrument with intent to obtain the amount of money therein specified.

**3.—Same—Defense—Collection of Debt.**

In forgery, where C., a third party, is the one liable to injury by the forgery, defendant can not be heard to defend upon the ground, that by forging the name of B. (his debtor) he could collect his debt on an order for money upon C.

Appeal from the District Court of Johnson. Tried below before Hon. W. Poindexter.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*J. B. Warren,* for appellant.

*Mason Cleveland,* County Attorney, and *Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two years.

In our opinion, the instrument set out in the indictment is the subject of forgery. It is as follows: "October 20 Mr. W. J. Claybrook, pleas pay to Joe Plemons Eight Dollars and fifty cents $8.50 fore I. A. Butler." This is the original instrument, without innuendoes, which, however, are properly set forth in the indictment. Under Hendricks v. State, 26 Texas Crim. App., 176, this instrument can be made the basis of forgery, and, as alleged, we think the indictment is sufficient.

In the motion for new trial the following portion of the court's charge is criticised: "If in fact defendant, as alleged, did, without lawful authority from said Butler, make and write the order set out and described in the indictment, and sign the name of I. A. Butler thereto, with intent then and there to obtain the amount of money therein specified from the said Claybrook upon said order, that he would be guilty of forgery, whether said Butler was at the time indebted to him or not, and although defendant may have thought that he could collect his debt

in no other way." It is contended this is a charge upon the weight of evidence, and is defective in that it fails to insert in the proper connection the intent to injure or defraud. We can not agree with this contention. The charge both before and immediately following the excerpt fully called the attention of the jury to that phase of the law which requires the intent to injure and defraud. It is given in the definition of forgery as well as in the application of the law to the facts which authorized the jury to convict or acquit.

Appellant contends he should have had a charge to the effect, if he did not intend to injure or defraud at the time of making the order, but only used and adopted that means of collecting his debt from I. A. Butler, he should be acquitted. Butler denied owing him anything. They were brothers-in-law; Butler a married man, and appellant a 16-year-old boy, who had been working for Butler several months. Appellant says that Butler had treated him badly in not settling with him fairly and honestly; that he agreed to pay him 45 cents per 100 for picking cotton, 75 cents per day for gathering corn, and at the same rate for other work he did about the premises, and to give him money with which to return to his home in the Indian Territory. Appellant's mother testified as to the terms of the agreement, and that Butler insisted she should leave her son with him for the purposes indicated, and she did so. Appellant says he and his sister, Mrs. Butler, went over the books of Butler about two weeks, or such matter, before he left Butler's, and at that time Butler owed him $7, and that his work subsequent to that time fully covered the remaining $1.50. However, Butler denies this, and says when his brother-in-law left he (defendant) was owing him 50 cents, but he gave him an order for $1.50 on Claybrook. Appellant admits signing the instrument, but says he had no intention of committing forgery or of injuring anyone; that his idea was he could in this manner collect his money from Butler; that he was fraid to dispute the account while talking with Butler, for fear he would jump on, kick and beat him. We do not believe, under the facts, appellant was entitled to a charge relieving him of the intent to defraud, under the instrument which forms the basis of this prosecution. If appellant's order was directed or could have been directed exclusively against the property of Butler, it would have presented a very nice—perhaps close—question, and one probably that might have required very serious consideration. This is true in regard to cases of theft. Young v. State, 34 Texas Crim. Rep., 290. Bishop, as quoted in Young's case, uses this language: "In larceny, if the object of the taker is to compel, though in an irregular way, the owner of the goods to do what the law requires him to do with them, there is no legal principle rendering the act a felony." In a case of theft, the accused, by means of taking the property of his debtor, compels the payment of a debt. This is a matter between the debtor and creditor, and third parties are not involved. But had the accused in a theft case taken the property of another party to pay the debt due him from his debtor, he would not be guiltless, be-

cause he could not appropriate the property of one man to pay the debt of another. In Young's case, supra, the justification of the principle laid down is found in the fact that it is not a fraudulent appropriation; it is an appropriation to pay a debt, which relieves it of fraud. This might also be the case in robbery, for that is but an enhanced case of theft. But, unfortunately in forgery, as applied to the case in hand, the third party is the injured one. And so appellant could not, by forging the name of Butler, collect his debt from Claybrook. If he could have collected it from none other than Butler, an analogous case to that of theft might be presented; but Claybrook is the injured party. 13 Am. and Eng. Enc. of Law, p. 1084, notes 2 and 3, for authorities. We believe, therefore, that the court did nòt err in refusing to charge the jury as suggested by appellant.

The evidence is sufficient, and the judgment is affirmed.

*Affirmed.*