[No. 8723.   Department One.   June 3, 1910.]

JOHN J. COFFEY et al., Appellants, v. SEATTLE ELECTRIC COMPANY, Respondent.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS —METHOD OF TAKING. The amendatory act of 1909, Rem. & Bal. Code, § 339, providing that exceptions to instructions may be taken at any time before the hearing of a motion for a new trial, merely changed the time for making the same and not the method; and exceptions not stated to the trial judge and noted in the minutes or embodied in the record, as required by Rem. & Bal Code, § 384, but merely filed in writing without being called to the court's attention, are unavailing and cannot be considered on appeal.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 15, 1910, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries. Affirmed.[2]

Heber McHugh and John T. Casey, for appellants.

James B. Howe, A. J. Falknor, and I. N. Miller, for respondent.

MORRIS, J.—Action for personal injuries, judgment upon verdict for defendant, and plaintiff appeals. We are met at the outset of this case by respondent's motion to affirm the judgment, for the reason that the record shows no proper and sufficient exceptions were taken to the errors assigned, and

[1]Reported in 109 Pac. 202.

[2]NOTE: Withheld from publication pending rehearing.—REP.

upon which a reversal is asked, all of which relate to instructions given by the court, save one in which error is based upon the court's refusal to give a requested instruction. The trial was had on December 21, 1909, the jury returning a verdict for respondent. On December 23 appellants made a motion for a new trial, which was denied on February 18. On January 18 appellants filed exceptions to certain instructions given by the court and to its refusal to give others, and on January 29 filed additional exceptions of the same nature. Neither of these files appears to have been served on counsel for respondent, nor does it appear that they were ever called to the attention of the trial judge. They are not included in the statement of facts and certified to by the trial judge, but appear in the transcript among other matters of record.

Under the old trial procedure, as found in Rem. & Bal. Code, § 384, exceptions to instructions given, or offered and refused, were taken by stating the same to the court after the jury had retired and before return of verdict, specifying by numbers of paragraph or otherwise the parts of the charge excepted to and the requested instruction the refusal of which was excepted to; whereupon the judge noted the exception in the minutes or caused the stenographer to make a note of them. The evident purpose of this requirement was to call any alleged error to the court's attention, in order that it might, if convinced of its error, recall the jury, and make such correction as it deemed proper and necessary, and thus obviate the necessity for granting a new trial because of such error; the rule of appellate procedure being that the trial judge should have opportunity to correct all errors alleged to have been made, before the same could be relied upon for review in this court. Laws 1909, page 184, ch. 86, Rem. & Bal. Code, § 339, amended Bal. Code § 4993, by providing that the charge of the court should be in writing and given to the jury prior to the argument of counsel; the jury then being permitted to take the written instructions with

them into the jury room. The last sentence of this 1909 act reads as follows:

"Either party, at any time before the hearing of a motion for a new trial may except to the instructions given by the court, or any part thereof."

This act, neither by its express terms nor by its language, attempts to change the method of taking such exceptions, its only reference to exceptions being as to the time in which they may be taken; whereas, under the old procedure they should be taken before the return of the verdict, it is now proper to take them at any time before the hearing of a motion for a new trial, giving to the trial judge the opportunity to correct any error it may have made in its instructions in its ruling upon the motion for a new trial, and thus, as under the old procedure, save the necessity for review by appeal. The manner of taking exceptions in this particular being in no wise referred to in the amendment of 1909, we must look to the old procedure for the correct method. They must still be taken by stating the same to the trial judge, and by him noted in the minutes of the court or embodied in the record of the cause by the stenographer taking such record. Otherwise they are not proper exceptions and of no value to a litigant, either in the court below or here. Such is unquestionably the rule. 2 Cyc. 1049. If the legislature had intended to change the method of taking exceptions, as well as the time, it would have been as simple to have provided a new method, as well as a new time. Not having done so, we must assume it was the legislative intent to change the time only, but preserve the former method.

The exceptions here urged, not having been taken in the manner prescribed, are of no value to appellants, and upon objection cannot be considered of any force or effect. We have no alternative other than to grant respondent's motion and affirm the judgment. It is so ordered.

RUDKIN, C. J., GOSE, FULLERTON, and CHADWICK, JJ., concur.