[No. 9149.   Department Two.   December 12, 1910.]

MAURICE GERBER, *Respondent*, v. AETNA INDEMNITY
COMPANY, *Appellant*.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—TIME FOR TAKING. Exceptions to instructions, not taken at the trial but filed in writing with the clerk thereafter, are not taken in time, and error cannot be assigned thereon.

SAME—MANNER OF TAKING. An oral request for qualification of instructions about to be given, and argument thereon wherein appellant's counsel claimed that it would be error to refuse the re-

[1]Reported in 112 Pac. 272.

quest, cannot take the place of exceptions, and error cannot be assigned thereon when no exceptions were taken to the action of the court.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 19, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Peters & Powell*, for appellant.

*Jay C. Allen*, for respondent.

MORRIS, J.—The only errors suggested on this appeal are in the giving and refusing to give instructions; and we are met at the outset by a motion to affirm the judgment upon the ground that the record shows no proper or sufficient exceptions taken to the errors assigned. The trial was had on October 19, 1909. No exceptions appear to have been taken to the instruction now complained of, nor to the refusal to give the one offered. On October 28, however, appellant filed its exceptions with the clerk. So far as the record goes, this appears to be all that was done in this connection. Under the rule announced in *Coffey v. Seattle Electric Co.*, 59 Wash. 686, 109 Pac. 202, this was not a proper or sufficient exception, and the motion to affirm is well taken.

Appellant contends that it brings itself within the rule announced in the *Coffey* case by taking a proper exception to the court during the trial. It appears that, during the giving of the instructions, counsel for respondent interrupted the court and called its attention to what he deemed was an improper statement of the law, and asked the court to then and there correct it. The court thereupon dismissed the jury and heard from counsel as to their respective contentions in this regard. After some argument, the court seemed inclined in respondent's favor. Counsel for appellant thereupon, among other things, said to the court:

"I submit the matter to your honor's consideration, and I think that should you make the other qualification of the

instruction, it will be error.   All three of these cases refer to another condition, to the first branch of the contract."

Further argument was then heard by the court, and counsel again stated:

"I do not want to take advantage of the record, but I am satisfied that that would be error, because it refers to an entirely different condition . . . "

We cannot hold, when during the argument upon a legal contention counsel indicates to the court his contention that the court is about to make an erroneous ruling, that such expression of counsel's view will operate as, and take the place of, an exception to the ruling.  Exceptions, and the manner of taking the same, are controlled by statute, and to be beneficial the statutory requirement must be followed.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and CHADWICK, JJ., concur.