[No. 8997.  Department Two.  December 30, 1910.]

W. P. WHITE, *Respondent*, v. L. L. RATLIFF *et al.*,
*Appellants*.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Written exceptions to instructions filed with the clerk and not in any way considered by the court are insufficient.

APPEAL—REVIEW—VERDICT. A verdict sustained by conflicting evidence will not be set aside on appeal.

HUSBAND AND WIFE—ACTIONS—JUDGMENT AGAINST COMMUNITY—LIABILITY OF WIFE. A judgment against L. R. and the community composed of L. R. and E. R., husband and wife, merely establishes the community character of the debt, and is not a personal judgment against the wife.

[1]Reported in 112 Pac. 502.

APPEAL—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR. One alleged to be the wife of a defendant is not prejudiced by a judgment establishing the community character of his debt without any proof of the marriage relation, where no personal judgment was taken against her.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 24, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Robertson & Miller* and *E. E. Brennan*, for appellants.

*Henry Jackson Darby*, for respondent.

PER CURIAM.—Respondent, who was plaintiff below, brought this action to recover for services performed under an oral contract. His term of service ran over a period of five months, and, as he alleges and the jury found, he was to receive the sum of $300 per month. Appellants denied the employment of respondent, and alleged affirmatively that, if the respondent performed any service, it was for the New Crystal Mining Company of which appellant L. L. Ratliff was manager. The jury returned a verdict in favor of the respondent.

Error is assigned as follows: In instructions given and refused; insufficiency of the evidence to sustain the verdict; and in rendering judgment against appellant Etta Ratliff. The record shows the verdict to have been rendered on the 21st day of January, 1910. A motion for a new trial was filed on January 22, and overruled on February 19 following. A formal judgment was signed by the court, and filed on February 24. On January 22, written exceptions to some of the instructions given by the court were filed with the clerk, and are brought here as a part of the transcript. It does not appear that they were served on the attorney for respondent, or in any way considered by the court. Under the rule announced in *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202, and followed in *Gerber v. Aetna Indemnity*

*Co.*, *ante* p. 184, 112 Pac. 272, the exceptions to the instructions given are not properly before us. Nor does the record show a refusal to give any requested instructions. Passing this assignment, it only remains to say that the testimony was conflicting, and while the veracity of the verdict may well be questioned, there is some evidence to sustain it. In such cases the judgment will not be disturbed on appeal.

Objection is also made to the form of the judgment, in that it is against appellant L. L. Ratliff and Etta Ratliff, his wife. It is alleged in the complaint that appellants are husband and wife. This is denied. No testimony was offered to sustain the complaint in this regard. No personal judgment was taken against Etta Ratliff. The judgment recites, "that said plaintiff do have and recover of and from the said defendant L. L. Ratliff and of the community composed of L. L. Ratliff and Etta Ratliff, husband and wife, the sum of $1,500," etc. We think the judgment goes no further, and could go no further, if appellants be in fact husband and wife, than to establish the community character of the debt (*Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777), and it would follow that, if Etta Ratliff is not the wife of L. L. Ratliff, she is in no wise injured by the form of the judgment.

Judgment affirmed.