(February 14, 1911.)

## EMMETT IRRIGATION DISTRICT, a Corporation, Respondent, v. W. H. SHANE, Appellant.

[113 Pac. 444.]

ORGANIZATION OF IRRIGATION DISTRICT—CONFIRMATION OF PROCEEDINGS—
CONSTITUTIONAL LAW—GENERAL OR SPECIAL STATUTE—ALLEGATIONS
OF PETITION.

(Syllabus by the reporter.)

1. Secs. 2401, 2402 and 2403, Rev. Codes, which prescribe a procedure whereby the board of directors of an irrigation district may, by petition, obtain a judgment of the district court approving and confirming the organization of such district and all the proceedings relating thereto, are not in conflict with that part of sec. 19, art. 3, of the constitution which provides that, "The legislature shall not pass local or special laws . . . . regulating the practice of the courts of justice."

2. Secs. 2401, 2402 and 2403, Rev. Codes, are general in their application, and were enacted for the purpose of providing for the organization of irrigation districts throughout the state, and the legislature provided the summary proceedings prescribed in said sections for the purpose of simplifying the procedure in the organization of such districts and facilitating the issuance of their bonds.

3. *Boise Irr. etc. Co. v. Stewart, Judge,* 10 Ida. 38, 77 Pac. 25, 321, and *Hettinger v. Good Roads Dist. No. 1, ante,* p. 313, 113 Pac. 721, approved and followed.

4. A petition filed in the district court by the board of directors of an irrigation district, under the provisions of sec. 2401, which sets forth in a series of special allegations the various steps taken in the issuance of its bonds, but omits to allege generally that "due and lawful proceedings were taken to issue bonds," is sufficient, where the

allegations of fact are such as to support the finding of the court that such proceedings had been duly and regularly taken.

5. In considering the sufficiency of a petition for the confirmation of the proceedings of an irrigation district, as provided for in sec. 2401, said section must be read in connection with sec. 2403, which provides that the court "shall disregard every error, irregularity or omission which does not affect the substantial rights of any party."

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

An action to determine the validity of the organization of the Emmett Irrigation District and the issuance of its bonds. Judgment for plaintiff irrigation district. Defendant appeals. *Affirmed.*

Rhodes & Reed, for Appellant.

It is well settled that a law which acts upon a whole class alike cannot be said to contravene the prohibition of special legislation. But this broad proposition must be taken subject to the qualification that the class upon which the law alone operates must be set aside as a class for some reason resting on public policy. To justify different laws for different classes of persons or things, the classification must be reasonable. (*State v. Schlitz Brewing Co.,* 104 Tenn. 715, 78 Am. St. 941, 59 S. W. 1033; *Railway Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. ed. 666.)

Our statute provides "that the petition shall state generally . . . . that due and lawful proceedings were taken to issue bonds in the amount to be stated." (Rev. Codes, sec. 2401.)

The statutory checks upon the creation of bond liens must be strictly enforced. (*Cullen v. Glendora W. Co.,* 113 Cal. 503, 39 Pac. 769, 45 Pac. 822, 1047; Wiel on Water Rights, sec. 430.)

In the confirmatory proceedings the directors have the burden of proving the validity of the organization and the bonds. (*Directors v. Abila,* 106 Cal. 365, 39 Pac. 793.)

The petition of plaintiff herein fails to state generally "that due and lawful proceedings were taken to issue bonds." The

requirement of the statute that there be such a general allegation in the petition is stated in mandatory terms.

Rice, Thompson & Buckner, for Respondent.

The operations of a public corporation known as an irrigation district are peculiar to irrigation districts, and there is a great distinction between operations and methods of procedure provided in the statute for the government of a county or city and the operations and methods of procedure provided for the government of an irrigation district. There is that distinction between an irrigation district corporation and other public corporations which qualifies the irrigation district to constitute a class by itself, for the purpose of its organization and the method by which it is governed make that public corporation known as an irrigation district really different from all other public corporations. (*Johnson v. City of Milwaukee*, 88 Wis. 383, 60 N. W. 270; *Vermont Loan & Trust Co. v. Whithed*, 2 N. D. 82, 49 N. W. 318, and cases cited; *Idaho Mutual Co-op. Ins. Co. v. Myer*, 10 Ida. 294, 77 Pac. 628; *Boise Irr. etc. Co. v. Stewart, Judge*, 10 Ida. 38, 77 Pac. 25, 321.)

In the case of *Nampa & Meridian Irr. Dist. v. Brose*, 11 Ida. 474, 83 Pac. 499, this court states, in the second paragraph of the syllabus, that the irrigation district act is not repugnant to any of the provisions of our state constitution, and in this decision are cited several opinions of this court and also of other supreme courts of the west, all in accord. (*Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *Modesto Irr. Dist. v. Tregea*, 88 Cal. 334, 26 Pac. 237; *Irr. Dist. v. De Lappe*, 79 Cal. 351, 21 Pac. 825; *Crall v. Irr. Dist.*, 87 Cal. 140, 26 Pac. 797; *In re Madera Irr. Dist.*, 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 675, 14 L. R. A. 755; *Pioneer Irr. Dist v. Bradley*, 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295.)

BUDGE, District Judge.—This action was brought under the procedure of sec. 2401, Rev. Codes, to secure a confirmation of the proceedings had in connection with the organization of

the Emmett Irrigation District and the issuance of $1,100,000 of the bonds of said district.

In its petition the plaintiff below and respondent here sought a decree of the district court adjudging its organization and the issuance of its bonds to be regular and valid, and set out the various steps taken for the organization of the district and for the issuance of said bonds. The defendant below and appellant here (being a party in interest as provided in sec. 2402, Rev. Codes) appeared and filed a demurrer to the petition. The demurrer was overruled and exception noted. The defendant thereupon filed his answer, putting in issue most of the material allegations of the petition. A hearing was had and proofs introduced, including exhibits showing the various steps taken in completing the organization of the district, and the issuance of said bonds. The court made its findings of fact and conclusions of law, and entered a judgment approving and confirming each and all of the proceedings had for the organization of said district, and adjudging the same to be duly organized, and that said bonds had been legally and properly authorized by the votes of the electors of the district.

A motion for a new trial was made, which was overruled. The defendant thereupon appealed from the order overruling the motion for a new trial and from the judgment entered by the court.

While there are numerous assignments of error, there are only two questions involved in this appeal which were argued by counsel for the respective parties:

First. Are sections 2401, 2402 and 2403 of the Revised Codes repugnant to the provisions of sec. 19, art. 3, of the constitution?

Second. Did the court err in overruling the demurrer to plaintiff's petition, for the reason that plaintiff failed to allege, in the words of the statute, generally, that "due and lawful proceedings were taken to issue bonds in an amount to be stated," and in overruling defendant's motion for a new trial?

The appellant contends that secs. 2401, 2402 and 2403, Rev. Codes (under which proceedings were had in this case), are unconstitutional, for the reason that said sections are in conflict with that part of the constitution of the state of Idaho (sec. 19, art. 3) which provides that "The legislature shall not pass local or special laws . . . . regulating the practice of the courts of justice." The above-cited sections prescribe a procedure whereby the board of directors of an irrigation district may, by petition, obtain a judgment of the district court approving and confirming the organization of an irrigation district, and all of the proceedings relating thereto, and leading up to the issuance of the bonds of the district.

The appellant contends that this is a special privilege that is granted to no other public corporation, individual or association, and is therefore special legislation, within the meaning of the above-quoted section of the constitution, and that it is unreasonable and arbitrary.

This court, in the case of the *Boise Irr. Co. v. Stewart, Judge,* 10 Ida. 50, 77 Pac. 25, 321, has defined what is a general or a special law, and has adopted the construction contained in Sutherland on Statutory Construction, sec. 121; and this court, speaking through Stewart, C. J., at this term (February 8, 1911), in the case of *Hettinger v. Good Roads Dist. No. 1 of Washington Co., ante,* p. 313, 113 Pac. 721, uses the following language:

"It is next contended that the act authorizing the organization of good road districts is repugnant to the provisions of sec. 19, art. 3, of the state constitution. This section, among other things, provides: 'The legislature shall not pass local or special laws in any of the following enumerated cases . . . . opening, altering, maintaining, working on, or vacating roads, highways, streets, alleys, town plats, parks, cemeteries, or any public grounds not owned by the state.' This section of the constitution prohibits the legislature from passing a law which is local or special with reference to 'opening, altering, maintaining, working on, or vacating roads, highways,' etc. The good roads law, however, is not local or special as used in this section of the constitution. It is general in its applica-

tion and applies alike to all sections of the state where the taxpayers thereof are willing to assume the burden of additional taxation for the purpose of improving the roads within such section, and applies to all good road districts within the state, and relates to all of a class, and is like in its operation to the organization of cities and villages within the state, irrigation districts, and other municipalities, which are provided for by a general law. (*Boise Irr. etc. v. Stewart*, 10 Ida. 38, [77 Pac. 25, 321].)''

While it might be admitted that with reference to irrigation districts the opinion last above cited would be *obiter dictum*, the reasoning applied with reference to the creation of good road districts, and the issuance of bonds of such districts, is equally applicable to irrigation districts. The sections of the statute above referred to are general in their application, and were enacted for the purpose of providing for the organization of irrigation districts throughout the state, for the reclamation of our arid lands, and the legislature had in view the summary proceedings provided for in the sections above quoted, for the express purpose of simplifying the proceedings in the organization of an irrigation district, and the issuance of its bonds, which was a very wise public policy of a general and not a special nature.

We hereby affirm the decisions of this court above cited, and hold that they are applicable to irrigation districts.

This court, in the case of *Nampa & Meridian Irr. Dist. v. Brose*, 11 Ida. 474, 83 Pac. 499, holds that the act providing for the organization of irrigation districts is not repugnant to any of the provisions of our state constitution, and cites the case of *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 311, 101 Am. St. 201, 68 Pac. 295.

The constitutionality of the irrigation district law has been upheld by the supreme courts of nearly all of the western states, and has been held valid and sanctioned by the supreme court of the United States in the case of *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369.

The second question involved in this appeal is whether or not the court erred in overruling appellant's demurrer to the

plaintiff's petition, and in allowing evidence to be admitted in support thereof, for the reason that said petition failed to allege, generally, in the words of the statute, that "due and lawful proceedings were taken to issue bonds in an amount to be stated."

The statute provides that the petition shall state generally that the irrigation district was duly organized, and the first board of directors elected, etc.; and that "due and lawful proceedings were taken to issue bonds in an amount to be stated," while the plaintiff in its petition set forth in a series of special allegations the various steps taken in the issuance of its bonds, but omitted to allege generally that "due and lawful proceedings were taken to issue bonds," in the words of the statute.

In reading sec. 2403 in connection with section 2401, we are of the opinion that the district court did not commit error in overruling the demurrer upon this ground. Sec. 2403, among other things, provides that the court "shall disregard every error, irregularity or omission which does not affect the substantial rights of any party," and had plaintiff followed the words of the statute and alleged that "due and lawful proceedings were taken to issue bonds," at best it would have been a conclusion of law, and not necessarily an allegation of fact. The plaintiff in its petition stated what was done with reference to the organization of the Emmett Irrigation District and also the issuance of its bonds, and the district court under the statute found that the various steps had been duly and regularly taken, and upon a hearing had, examined all of the proceedings as narrated in the petition of the said irrigation district, and approved and confirmed the same, and the court was required under the provisions of sec. 2403 to disregard any errors, irregularities or omissions which did not affect the substantial rights of any party.

It is not contended by the appellant that any of his substantial rights were in any way affected by the failure of the plaintiff to allege in its petition the exact words of the statute, and this court is not inclined to consider or encourage mere

technicalities, where the substantial rights of litigants are in no way involved.

The judgment of the district court is therefore affirmed. Costs on appeal are awarded to the respondent.

Stewart, C. J., and Ailshie, J., concur.