[No. 10780.   Department Two.   March 8, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. ALEX McBRIDE, *Appellant*.[1]

INDICTMENT AND INFORMATION—OBJECTIONS—TIME FOR TAKING. Objection to the sufficiency of the information cannot be made after a plea of not guilty, except by motion in arrest of judgment.

INDICTMENT AND INFORMATION—DUPLICITY—WAIVER. Under Rem. & Bal. Code, § 2105, prescribing the grounds of demurrer to the indictment or information, and § 2183, prescribing the grounds for motion in arrest of judgment, the question of duplicity can only be raised by demurrer or motion to quash or compel an election, prior to plea of not guilty, and comes too late if made after verdict.

FORGERY—INFORMATION—DUPLICITY. Under Rem. & Bal. Code, § 2583, defining forgery in the first degree as the forging of any writing with intent to defraud, and § 2587, making it forgery in the same degree to knowingly utter a forged instrument with intent to defraud, an information is not duplicitous and charges but one crime, where it charges the forging and uttering of one instrument

[1]Reported in 130 Pac. 486.

by the same person with intent to defraud in both of the statutory ways, as part of one connected transaction, continuous in point of time; as the two ways are not repugnant to each other.

FORGERY—ELEMENTS—DEFENSES. In a prosecution for forgery of a check, it is immaterial, and not a defense, that the accused used the proceeds in an unlawful gambling game conducted by the party who cashed the check.

SAME—EVIDENCE—ADMISSIBILITY. In a prosecution for forgery of a check, evidence that the person whose name was forged was indebted to the accused is inadmissible.

SAME. In a prosecution for forgery of a check, the person whose name was forged cannot be asked if he would have paid the check if it had been presented to him by a bank or any legitimate holder.

APPEAL—REVIEW—EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions, merely filed with the clerk and not called to the attention of the trial judge, cannot be considered on appeal, especially where no motion for a new trial was made.

FORGERY—PRESUMPTIONS FROM POSSESSION—INSTRUCTIONS. In a prosecution for forgery, it is error to instruct that possession of a forged check raises a presumption of guilt.

CRIMINAL LAW—TRIAL—INSTRUCTIONS—UNLAWFUL COMMENT. In a prosecution for forgery, an instruction that possession of a forged check raises a presumption of guilt, is not an unlawful comment on the evidence, so as to constitute fundamental error that could not be waived.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered January 18, 1912, upon a trial and conviction of forgery. Affirmed.

*Chas. E. Miller*, for appellant.

*Robert G. Chambers*, for respondent.

ELLIS, J.—The appellant was convicted of the crime of forgery in the first degree, upon an information the material part of which was as follows:

"The said Alex McBride, on or about the fourteenth day of January, A. D. 1911, in Pacific county, Washington, then and there being, did then and there feloniously forge a writing, on paper, the said writing on paper being then and there an instrument by which the title of personal property was evidenced, created, acknowledged and transferred, the same

being a request for the payment of money of the tenor following:

South Bend, Wash., Jan. 1, 1911,     No. 16.

PACIFIC STATE BANK

Pay to E. McBride............................or order,     $15.00

Fifteen ............................................... Dollars.

Chas. Funk.

And the said Alex McBride did, then and there knowing said writing to be forged and fraudulent, utter the same as true to one Thomas Connors, with the intent to defraud the said Thomas Connors, the said Charles Funk, the said Pacific State Bank and some other person or persons to the prosecuting attorney unknown."

This information was filed February 28, 1911. The appellant pleaded not guilty. The cause was tried on January 16, 1912. On January 18, 1912, a motion in arrest of judgment was overruled and sentence imposed. No motion for a new trial was made.

The testimony developed the following facts: That Connors and his partner, Baker, conducted a pool hall in South Bend; that, on the evening of January 14, 1911, the appellant and others were playing at cards in a room back of the pool hall; that late that night the appellant left the hall, was gone for about half an hour, and on his return presented to Connors for cashing a check for $15, purporting to be the check of, and purporting to be signed by, one Chas. Funk; that the appellant then told Connors that he had called Funk from bed and Funk had written the check for him; that Connors cashed the check, giving the appellant a ten-dollar and a five-dollar gold piece. Funk testified that he did not write or sign the check; and that it was neither written nor signed with his knowledge or consent; that, at the time, he had no account with the bank on which the check was drawn, nor had he such an account for at least a year prior thereto. Two bankers of South Bend testified that they were familiar with the handwriting of the appellant, and that in their opinion the check in question was written by him. The appellant has made thirty-four assignments of error. They were all,

save three, directed to the rulings of the trial court in admitting evidence, excluding evidence, and offered proof; and to the court's instructions to the jury.

When the first witness was called, and before any testimony was taken, the appellant, without withdrawing his plea of not guilty, objected to the reception of any evidence upon the ground of an alleged insufficiency of the information. The overruling of this motion is the basis of the first assignment of error. There was no error in this ruling. We have repeatedly held that a demurrer to the information, or any motion in the nature of a demurrer, may not be entertained pending a plea of not guilty, save the motion in arrest of judgment. The reasons for the rule are well stated in the following decisions: *State v. Blanchard*, 11 Wash. 116, 39 Pac. 377; *State v. Bodeckar*, 11 Wash. 417, 39 Pac. 645; *State v. Strange*, 50 Wash. 321, 97 Pac. 233; *State v. Phillips*, 65 Wash. 324, 118 Pac. 43.

The denial of the motion in arrest of judgment is also assigned as error. It was based on grounds as follows: (1) That the information does not state any offense known to the laws of this state. (2) That it does not substantially conform to the requirements of the criminal code. (3) That it charges more than one crime. (4) That the facts charged do not constitute a crime. The first and fourth grounds mean the same thing, namely, that the facts charged do not constitute a crime. Under the second and third, was presented the sole question of duplicity. The statute, Rem. & Bal. Code, § 2183, prescribing the grounds for motion in arrest, provides:

"Judgment may be arrested on the motion of the defendant for the following causes:

"(1) No legal authority in the grand jury to inquire into the offense charged, by reason of its not being within the jurisdiction of the court;

"(2) That the facts as stated in the indictment or information do not constitute a crime or misdemeanor."

Section 2105 prescribes the grounds of demurrer to the indictment or information as follows:

"(1)    That it does not substantially conform to the requirements of this code;

"(2)    That more than one crime is charged.

"(3)    That the facts charged do not constitute a crime;

"(4)    That the indictment or information contains any matter which if true would constitute a defense or other legal bar to the action."

These sections make it clear that the only question properly raised by the motion in arrest was, Did the information charge a crime? The question of duplicity could only be raised by demurrer or motion to quash in the nature of a demurrer, or by motion to compel an election. It was therefore waived, as we have seen, by the failure to so demur or move prior to the plea of not guilty, and without withdrawing that plea. Such an objection comes too late after verdict. 1 Bishop, New Criminal Procedure, §§ 442, 443; *Territory v. Heywood*, 2 Wash. Ter. 180, 2 Pac. 189; *State v. Snider*, 32 Wash. 299, 73 Pac. 355.

Manifestly, therefore, the only question presented by the motion in arrest was, Did the information charge a crime sufficiently to support the verdict? We are convinced that the information contains but one count, and charges only one crime, namely, forgery in the first degree. The statute under which forgery in the first degree may be charged is contained in two sections. Rem. & Bal. Code, § 2583 declares:

"Every person who, with intent to defraud, shall forge any writing or instrument . . . or any request for the payment of money or delivery of property or any assurance of money or property . . . shall be guilty of forgery in the first degree . . ."

Section 2587 is as follows:

"Every person who, knowing the same to be forged or altered, and with intent to defraud, shall utter, offer, dispose of or put off as true, or have in his possession with intent

so to utter, offer, dispose of, or put off any forged writing, instrument or other thing, the false making, forging or altering of which is punishable as forgery, shall be guilty of forgery in the same degree as if he had forged the same."

It is obvious that the same crime may be committed in either of the two ways; by actually forging with intent to defraud, or by uttering, offering, disposing of, or putting out as true with intent to defraud. It is equally plain that the one crime may be committed by the same person in both of these ways, when the acts are done with reference to the same instrument and in the same transaction. While the two modes of commission are set out in separate sections, the degree of the crime when committed in the manner set out in § 2587 can only be ascertained by a reference to § 2583, or the other sections defining the degrees of forgery by the primary act of commission. Section 2587 is, therefore, not an independent provision, but must be read and construed in connection with some other section, according to the degree of forgery charged. In this instance, it must be read in connection with § 2583 defining forgery in the first degree. The effect is the same as if the provisions of § 2587 were repeated as a part of each section defining forgery by the primary act. When so considered it is clear that the information here involved charges but the one crime, and charges its commission in both of the statutory ways as a part of the one connected transaction continuous in point of time, as shown by the words "then and there," and that the words "with intent to defraud" relate to both of the acts of commission preceding them and alleged conjunctively. The statute, as we construe it and as it must be construed to be intelligible, thus leaves the decisions of this court as applicable now as they were under the old statute (Bal. Code, § 7128), which included both modes of commission in the same section. The guilt of forgery attaches to both or either of these acts; and when both are committed in reference to the same instrument, but one forgery is committed. Since both acts may be proved

as establishing the same crime, both may be included in the same indictment or information in charging the same crime. One or all of the series of acts constituting the crime may be charged in the same indictment and constitutes but one offense. *State v. Newton*, 29 Wash. 373, 70 Pac. 31; *State v. Ilomaki*, 40 Wash. 629, 82 Pac. 873; *State v. Adams*, 41 Wash. 552, 83 Pac. 1108; *State v. Ray*, 62 Wash. 582, 114 Pac. 439; *State v. Wappenstein*, 67 Wash. 502, 121 Pac. 989; 1 Wharton, Criminal Law (10th ed.), § 727; Wharton, Criminal Pleadings (9th ed.); § 251.

The same crime may be charged in any or all of the ways not repugnant to each other. *State v. Justus*, 86 Kan. 848, 122 Pac. 877; *State v. Mitton*, 37 Mont. 366, 96 Pac. 926, 127 Am. St. 732.

The appellant offered to prove, that there was a poker game going on upon the premises of Baker & Connors when the check was cashed; that the game was maintained by that firm and conducted by Connors; that the appellant had lost money in the game and left for the purpose of getting more money to continue his play; that he came back with the check and cashed it and bought poker chips with the proceeds; that the game was later raided by the sheriff, and the participants pleaded guilty to a misdemeanor and paid fines. The refusal to permit this proof is assigned as error. The offer related to matters wholly immaterial, save the admission that the check was cashed. It was a request for the payment of money, and money was actually paid upon it. The act falls directly within the statutory definition of the crime. The crime was complete when he forged and passed the check for money. What he did with the money was wholly immaterial. It is no defense that he paid it out for an illegal purpose or consideration. *Dunn v. People*, 4 Colo. 126; *Ex parte Warford*, 3 Okl. Cr. 381, 106 Pac. 559; *People v. Collins*, 9 Cal. App. 622, 99 Pac. 1109.

The several assignments of error relating to the exclusion of evidence, save two, went to the same matter as this offer,

and are sufficiently disposed of by what we have said. The two exceptions are as follows. The witness Funk was asked if, at the time of the forgery, he was not indebted to the appellant in a sum of at least $20. There was no error in the court's refusal to permit an answer. A debt does not authorize or excuse the forgery of the debtor's name by the creditor, even to raise money to pay the debt. *Curtis v. State*, 118 Ala. 125, 24 South. 111; *Claiborne v. State*, 51 Ark. 88, 9 S. W. 851; *Plemons v. State*, 44 Tex. Cr. 555, 72 S. W. 854.

The same witness was asked whether he would have paid the check if it had been presented to him by any bank or person who held it legitimately. The court was clearly right in sustaining the objection to this question. The matter was immaterial. It affected neither the appellant's act nor his intention in committing it.

Many assignments of error are based upon the instructions. No sufficient exceptions, however, were taken to the instructions. The exceptions were merely filed with the clerk after the verdict was returned. There is nothing in the record indicating that they were ever in any manner called to the attention of the trial court. There is nothing to indicate that they were stated to the trial judge and noted in the minutes or embodied in the record by the stenographer taking the record. We have repeatedly held that the mere filing of the exceptions is insufficient. *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202; *Gerber v. Aetna Ind. Co.*, 61 Wash. 184, 112 Pac. 272; *White v. Ratliff*, 61 Wash. 383, 112 Pac. 502; *State v. Peeples*, 71 Wash. 451, 129 Pac. 108.

Moreover, no motion for a new trial was ever made. The trial court was never accorded an opportunity to review the many errors assigned.

We will, however, notice one instruction because it is urged that it violated the constitutional inhibition against comment upon the evidence, and was of such a fundamental character as to constitute ground for reversal without the reservation

of any exception. The court instructed the jury to the effect that, if it was satisfied beyond a reasonable doubt that the check was a forgery and that the defendant had it in his possession and obtained money upon it from Connors, then the possession raised a presumption of guilt, unless rebutted. This was error. Possession of the instrument was a mere circumstance. Its weight was for the jury. *State v. Hatfield*, 66 Wash. 9, 118 Pac. 893, 38 L. R. A. (N. S.) 609.

The instruction, however, was not a comment upon the evidence. It assumed no fact. It merely misstated the law. It violated no positive statute or constitutional provision. The error, therefore, was not of such fundamental character that it could not be waived. It is not within the rule touching the misconduct of a juror, announced in *State v. Bennett*, 71 Wash. 673, 129 Pac. 409. The failure to properly except to the instruction waived the error.

There was ample evidence to sustain the verdict. The judgment is affirmed.

CROW, C. J., MAIN, MORRIS, and FULLERTON, JJ., concur.