[No. 11252.    Department One.    July 10, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. H. A. NEIS, *Appellant*.[1]

APPEAL—REVIEW—EXCEPTIONS. Error in instructions can be reviewed on appeal only when exceptions thereto were brought to the attention of the trial court before disposing of a motion for a new trial, and it is not enough that exceptions were served and filed in the cause.

CRIMINAL LAW—TRIAL—APPEAL—HARMLESS ERROR. The defendant cannot predicate error upon improper conduct of the court in that, on sustaining objections to examination by defendant's counsel, a remark was made suggestive of improper relations of the defendant, when it was not any more so than the objectionable questions.

[1]Reported in 133 Pac. 444.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 26, 1912, upon a trial and conviction of larceny. Affirmed.

*William R. Bell*, for appellant.

*John F. Murphy*, *Crawford E. White*, and *Reah M. Whitehead*, for respondent.

PARKER, J.—The defendant was charged with the crime of grand larceny, by information filed in the superior court for King county. A trial resulted in verdict and judgment of conviction, entered on September 30, 1911, from which he appealed to this court. That judgment was reversed upon hearing in this court because of error occurring in the trial. Our decision upon that appeal may be found in 68 Wash. 599, 123 Pac. 1022. The case being remanded to the superior court, a new trial was had, when the defendant was again found guilty by the verdict of the jury, and judgment entered thereon accordingly. From that judgment, he has again appealed to this court.

Contentions are made by counsel for appellant rested upon alleged errors of the trial court in giving its instructions to the jury. It is insisted,. however, by counsel for the state, that such contentions cannot be considered in this court for want of proper exception being taken to the alleged erroneous instructions before the disposition of the motion for a new trial in the superior court. It appears from the record before us that, a few days after the trial and rendition of the verdict, counsel for appellant filed in writing exceptions to the instructions, not having theretofore in any manner taken any exceptions thereto. These written exceptions were served upon counsel for the state, and filed with the papers in the case on the day the motion for new trial was overruled. There is nothing in the statement of facts indicating that these or any other exceptions to the instructions were ever called to the attention of the trial judge, nor is there any notation

upon the exceptions, or elsewhere in the record, by the trial judge indicating that they were ever called to his attention. Under the statute and our previous decisions, it is clear that these exceptions were not taken and placed of record in such manner as to entitle appellant to have reviewed the alleged error of the trial court in giving the instructions complained of. Rem. & Bal. Code, § 339 (P. C. 81 § 587) ; *Coffey v. Seattle Elec. Co.,* 59 Wash. 686, 109 Pac. 202 ; *Gerber v. Aetna Indemnity Co.,* 61 Wash. 184, 112 Pac. 272 ; *White v. Ratliff,* 61 Wash. 383, 112 Pac. 502 ; *State v. Peeples,* 71 Wash. 451, 129 Pac. 108.

It is manifest from these holdings that, in order to call for review of alleged error of the trial court in giving instructions to the jury, the record must affirmatively show that such exceptions were brought to the attention of the trial judge before disposing of the motion for a new trial. A mere serving of written exceptions upon opposing counsel and filing the same with the papers in the case is not sufficient to show that they were brought to the attention of the trial judge. We conclude that the alleged error of the trial court in giving the instructions complained of in this case is not reviewable by us.

It is contended that certain remarks of the trial judge during the progress of the trial constitute such prejudicial error against appellant as to entitle him to a new trial. Appellant was accused of stealing a certain gold chain from a Mrs. Ryan, the prosecuting witness. During her cross-examination, counsel for appellant sought to show that she had been divorced, and we think the following cross-examination on that subject suggests the thought of possible improper relations between the prosecuting witness and appellant.

"Mr. Bell: Q. You got your divorce, didn't you? A. Yes, sir. Q. And got it in this court? A. Yes, sir. Q. And the ground on which you got your divorce was that your husband had made accusations against you that bore on your chastity in reference to this very case? Mr. White: I object to that as incompetent. The Court: Sustained."

After further cross-examination of considerable length, the following occurred:

"Mr. Bell: Q. Mrs. Ryan, you have been supporting yourself and your children for the last several months? A. I certainly have. Q. Without any assistance from your husband? A. I get assistance from my husband. Q. Who supports the children? Mr. White: Are we trying the divorce case? The Court: I don't see what that has to do with this. Mr. Bell: I am offering it now in lieu of the papers I tried to introduce this morning. The Court: Objection sustained. I am going to instruct this jury that the relations of these two parties, if there is any such relation, can only be considered for one purpose only, and it could not be for that purpose—for the purpose of impeachment unless you go further and show what the supreme court says you have to show. If this man stole that chain he is just as much guilty of larceny, no matter what their relations were or what her character is, as though he stole it from any other person in the world. Mr. Bell: We now desire to take an exception to the court's remarks for the reason that they are prejudicial to the defense, specially prejudicial before the testimony has been placed in by the defendant."

This last remark of the court is the matter complained of as being prejudicial. While we regard this remark as somewhat unfortunate, yet in view of the manner in which it was invited by cross-examination on the part of counsel for appellant, we do not think it is of sufficient seriousness to call for a new trial. Apparently whatever suggestion there was in all of this, touching the improper relationship between appellant and the prosecuting witness, was brought on by questions asked by counsel for appellant. We are unable to see that the remarks of the court were any more suggestive of improper relations between the prosecuting witness and appellant than were the remarks of counsel.

Some contention is made in behalf of appellant rested upon the sufficiency of the evidence to sustain the verdict and judgment. We deem it sufficient to say that a review of the record convinces us that we would not be warranted in in-

terfering with the conviction upon that ground. Manifestly
there is sufficient evidence, if believed by the jury, to sustain
the conviction. The only substantial ground for argument
touching the insufficiency of evidence is as to the credibility
of witnesses, and in the light of this record we are clear that
this question was for the jury.

Other suggested grounds of error, we think, are wholly
without merit and do not call for discussion. We are con-
strained to affirm the judgment. It is so ordered.

Mount, Gose, and Fullerton, JJ., concur.