[No. 11650.  Department One.  February 16, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. E. E. MACLEOD, *Appellant.*[1]

CRIMINAL LAW—RECEPTION OF EVIDENCE—ORDER OF PROOF. In a prosecution for manslaughter in causing an abortion, the admission of evidence as to the intoxication of the defendant, a physician, at the times he prescribed for the deceased, cannot be assigned as error, where he testified in his own behalf and the evidence received would have been admissible in rebuttal as affecting his credibility.

SAME — EVIDENCE — OTHER CRIMES. In a prosecution for manslaughter in causing an abortion, evidence of the intoxication of the defendant, a physician, to affect his credibility, at the times he prescribed for the deceased, is not inadmissible because it also tended to show the commission of the offense of practicing medicine while intoxicated.

SAME—TRIAL—INSTRUCTIONS— REQUESTS — CORROBORATION OF ACCOMPLICE. It is not error to fail to instruct as to the effect to be given to the testimony of an accomplice, in the absence of a request therefor, in view of the rule that a conviction may be had upon the uncorroborated testimony of an accomplice.

SAME—APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Instructions to the jury cannot be reviewed on appeal in the absence of exceptions thereto.

SAME—TRIAL—PREMATURE TRIAL—WAIVER. Rem. & Bal. Code, § 2132, providing that no trial for a felony shall be had within five days from the day of the arrest is not jurisdictional and is waived unless timely objection is made.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered October 22, 1913, upon a trial and conviction of manslaughter. Affirmed.

[1]Reported in 138 Pac. 648.

*W. B. Ridle (John T. Mulligan, of counsel), for appellant.*

*Geo. H. Crandell, F. M. Goodwin, and Thomas Corkery,* for respondent.

MAIN, J.—By information the defendant was charged with the crime of manslaughter.

The facts, so far as necessary to recite them, as shown by the state's evidence, are substantially as follows: On September 12, 1912, Annie Stanley, a married woman, believing that she was then in a pregnant condition, requested one Hattie Lamb to accompany her to the office of the defendant. These young women were employed in the same household, Mrs. Stanley as cook, and Miss Lamb as second maid. On this day, they went to the office of the defendant, a practicing physician, where, as Miss Lamb testifies, medicine was prescribed for, and an operation performed upon, Mrs. Stanley, and that she was present at the time.

On the day following, at about the hour of eight o'clock p. m., pursuant to an appointment which had been made on the previous day, they returned to the office. At this time, the door to the reception room was locked. Thereupon they opened the door of the private office and discovered the defendant lying upon the floor in an intoxicated condition. Someone was in the office with the doctor at the time. A few minutes later, they again entered the office and found the doctor lying upon a couch. He then talked to Mrs. Stanley as to her condition, and gave directions as to further treatment.

On the afternoon of September 14th, the two women again went to the office of the defendant, and, as testified to by Miss Lamb, they then asked him as to his condition as to sobriety, and he assured them that he was then entirely sober. On this occasion, the defendant again prescribed for Mrs. Stanley and performed an operation upon her. The day following, or Sunday, Mrs. Stanley became very ill. The

defendant was sent for about noon.  He visited her, but gave no further treatment.

The lady for whom the girls worked testified as to his apparent condition on the occasion of this.visit.  Later during the same day, another physician was called, and at his direction, Mrs. Stanley on the following morning was taken to the hospital.  Her illness continued, and on September 26, 1912, she died.

There was evidence that the medicines prescribed and the operations performed were for the purpose of producing an abortion and that such medicines and operations would and did produce that result.  The defendant did not see Mrs. Stanley after his visit on Sunday, September 16th.  He admitted performing the operation on the 14th, but denied that it was for the purpose of producing an abortion.  He contradicted the evidence as to his intoxication.

On October 8, 1912, an information charging the defendant with the crime of manslaughter was filed and a copy thereof was served upon his attorney.  The charging part of the information is as follows:

"That the said defendant, E. E. MacLeod, on the 12th day of September, 1912, in the county of Spokane, and state of Washington, did then and there unlawfully, wilfully and feloniously advise a woman, to wit, Annie Stanley, to take certain medicine, and did use and employ an instrument on the person of the said Annie Stanley; and did thereafter, to wit, on the 14th day of September, 1912, in said county and state, unlawfully, wilfully and feloniously supply medicine to the said Annie Stanley; and again did use an instrument on the person of the said Annie Stanley; all of which acts done by the defendant as aforesaid were done with the intent thereby to procure the miscarriage of the said Annie Stanley, and each and all of said acts were then and there unnecessary to preserve her life; and as the result of the said use of such medicine and the said use of the said instrument on the two dates set forth, the said Annie Stanley, on the 26th day of September, 1912, in the county of Spokane and State of Washington, died."

On the 11th day of October, 1912, the cause was tried and a verdict of guilty returned. On October 22d the defendant was sentenced to from ten to twenty years in the state penitentiary at Walla Walla. From the judgment and sentence, the appeal is prosecuted.

Error is sought to be predicated upon the fact that the witnesses for the state were permitted to testify relative to the defendant's condition as to intoxication. This evidence was confined to the specific times and places concerned directly in the treatments and operations. There was no attempt to show a general reputation as to drunkenness. The only reference to such reputation is found in the objection made by counsel for the defense to proof of the defendant's condition at the specific times mentioned. It may be admitted, for the purpose of this decision only, that the evidence offered as to intoxication was inadmissible as a part of the state's case. The defendant went upon the stand and testified in his own behalf. In rebuttal, for the purpose of affecting his credibility, the evidence as to intoxication at the times and places mentioned would have been competent. Where offered evidence is not competent at the time admitted, but becomes competent by the developments of the trial, the fact that it was admitted irregularly does not constitute reversible error.

It is also claimed that the evidence of intoxication was inadmissible because it tended to prove a separate and distinct crime, that of practicing as a physician while in a state of intoxication. But this contention cannot be sustained. If the evidence admitted was competent for any purpose, it would not become incompetent because of the fact that it might tend incidentally to show the commission of another and different crime. *State v. Hyde*, 22 Wash. 551, 61 Pac. 719; *State v. Norris*, 27 Wash. 453, 67 Pac. 983; *State v. Dana*, 59 Wash. 30, 109 Pac. 191; *State v. Leroy*, 61 Wash. 405, 112 Pac. 635. In the case last cited it is said:

"Testimony otherwise relevant does not become incompetent because it may tend incidentally to show that the accused has committed another crime. [Citing cases]."

It is further argued that Miss Lamb was an accomplice, and that the court therefore erred in failing to give an instruction upon the effect to be given to the testimony of an accomplice, even though no request for such an instruction was made. In this there was no error. It may be assumed, but not decided, that Miss Lamb was an accomplice. But it does not follow that it became the duty of the court to give an instruction the absence of which is complained of. The rule in this state is that the testimony of an accomplice need not be corroborated before a conviction can be had. In *State v. Mallahan*, 66 Wash. 21, 118 Pac. 898, speaking upon this question it is said:

"Neither is it required in this state that the testimony of an accomplice be corroborated before a conviction can be had. We have always adhered to the rule that no corroboration is necessary." (Citing authorities.)

The appellant cites authorities from other jurisdictions where the testimony of an accomplice must be corroborated, and the failure on the part of the court to give an instruction to the jury that such is the rule is error. Obviously those authorities are not in point under the rule adopted in this state.

Numerous errors are assigned upon the instructions given. These, however, cannot be reviewed. The record in no place shows that the exceptions to the instructions were called to the attention of the trial court. In order that exceptions to instructions may be reviewed on appeal, it is necessary that the record show that such exceptions were called to the attention of the trial court, and that the trial judge had an opportunity to correct all errors alleged to have been made. *Coffey v. Seattle Electric Co.*, 59 Wash. 686, 109 Pac. 202; *Gerber v. Aetna Indemnity Co.*, 61 Wash. 184, 112 Pac. 272; *White v. Ratliff*, 61 Wash. 383, 112 Pac. 502; *State v.*

*Peeples*, 71 Wash. 451, 129 Pac. 108; *State v. Neis,* 74 Wash. 280, 133 Pac. 444. Notwithstanding this fact, it may be said that the instructions have been carefully read, and in them we find no prejudicial error.

On oral argument, it was urged that the cause should be reversed because the appellant was placed upon trial within five days after the filing of the information. Section 2132, Rem. & Bal. Code, provides, among other things, that:

"No person shall be put upon trial on an indictment or information for a felony until the expiration of five days from the day of his arrest."

In this case, it is true, the information was filed on the 8th of October, and the trial was begun on the 11th. But nowhere does it appear that the appellant claimed the benefit of the statute and objected to the trial proceeding on the 11th. In the absence of such timely objection, the benefit of the statute is waived. The right given by the statute is not jurisdictional.

The judgment will be affirmed.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.