[No. 11319. Department One. April 7, 1914.]

McGOWAN COMPANY, *Appellant*, v. CHARLES CARLSON *et al.*, *Respondents.*[1]

CORPORATIONS—SALE OF STOCK—FRAUD—MATTERS OF FACT. Misrepresentations by the owner of corporate stock as to the value of the corporate assets are as to matters of fact and not as to matters of opinion.

SAME—MISREPRESENTATIONS—QUESTION FOR JURY. The fraud of the defendant in misrepresenting the value of corporate stock sold is a question for the jury, where there was evidence tending to show that defendant represented that its stock of goods on hand was of the reasonable value of $8,000, that it had good accounts to the extent of $4,000, and debits amounting to $2,000 which would be offset by leaving $2,000 in earnings that had not been withdrawn, and there was evidence that at the time the company was insolvent.

[1]Reported in 139 Pac. 869.

BILLS AND NOTES—BONA FIDE PURCHASER—CONSIDERATION. Where, on a sale of corporate stock, the vendor, as part of the purchase price, took a note payable to a corporation of which he was president and manager, the corporation is not a holder in due course, but takes the note subject to any infirmities on account of fraud in the sale, where there was no evidence of any consideration on account of the note moving from the corporation.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be predicated on instructions, where it nowhere appears that the written exceptions thereto which were filed were ever called to the attention of the trial court.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered January 9, 1913, upon the verdict of a jury rendered in favor of the defendants, in an action on a promissory note, tried to the court. Affirmed.

*Hurd & Hilen,* for appellant.

*W. L. Brickey* and *Thomas Smith,* for respondents.

MAIN, J.—This was an action on a promissory note. The complaint contained the usual allegations in such an action. The defendants answered separately, pleading fraud in the transaction of which the giving of the note was a part, and lack of consideration. The cause was tried to the court and a jury. The verdict was for the defendants. The plaintiff has appealed.

The facts are substantially as follows: During the month of July, 1909, the Johnson Mercantile Company, a corporation, was organized with a capital stock of $8,000, divided into eighty shares of the par value of $100 per share. Of this stock, S. R. McGowan owned twenty shares, W. C. Coddington twenty shares, and the Johnson brothers the remainder. The corporation engaged in the mercantile business at La Conner, with one or both of the Johnsons in immediate charge of the business. McGowan was the secretary and vice-president of this corporation. On March 25, 1911, McGowan sold the forty shares of stock which he and Coddington owned to the respondent Carlson. The purchase price was $4,-

000.   Of this sum, $2,500 was paid in cash, and a note taken for the balance, due on or before March 25, 1912, and signed by the respondents.   The note was made payable to the S. R. McGowan Company, a corporation, of which S. R. Mc-Gowan, who negotiated the sale to the respondent Carlson, was the president and manager.   Two or three months subsequent to this time, the business of the Johnson Mercantile Company failed, or, as one of the witnesses expressed it, became bankrupt.   The note not being paid when it was due, the present action was instituted.

Upon the trial, the respondents, in order to sustain their charge of fraud and failure of consideration, offered evidence which, if true, showed that McGowan, at the time of negotiating the sale of the shares of stock, represented to Carlson that the stock of goods, wares, and merchandise then in the store was of the reasonable value of $8,000; that, in addition to this, there were good accounts owing to the company to the extent of $4,000; that there were debts amounting to $2,000; and that Coddington had in the company $2,000 in earnings which he had not withdrawn which he would leave for the purpose of offsetting the indebtedness.   McGowan, apparently, did not seriously deny having made these representations; but in his testimony took the position that, at the time of the sale, the net assets of the corporation, including merchandise, accounts, etc., were worth the sum of $12,000. The evidence on behalf of the respondents shows that the corporation was insolvent at the time of the transaction.   At the conclusion of the respondents' evidence, and also at the conclusion of all the evidence, the appellant interposed motions for a directed verdict, which motions were by the court denied.

The questions here for determination are: First, was the transaction induced by fraudulent representations; second, if it was, then is the defense of fraud available as against the appellant corporation; and third, can the exceptions to the instructions of the trial court be here considered?

I.   It is first contended that the evidence on behalf of the respondents fell short of showing fraud, and that, therefore, the trial court erred in declining to direct a verdict. Whether there was fraud in the sale of the stock depends upon the value of the assets of the Johnson Mercantile Company at that time, the value of the corporate stock being necessarily determined by the value of the property which the corporation owned. As already stated, the point of contention upon this question was whether the corporation, at the time of the sale of the stock, was in fact insolvent, or whether its property was of less value than that which it was represented to be. Under the evidence, this was obviously a question of fact for the jury to determine.

It is argued, however, that the representations as to the value of the corporate assets, if made, were the expressions of opinion and not representations as to matters of fact. This contention is out of harmony with the previous holdings of this court. It has been held to be the rule that, where the owner of corporate stock sells the same, and as an inducement to the sale misrepresents the value of the corporate assets, such misrepresentations are as to matters of fact and not as to matters of opinion. *Gilluly v. Hosford*, 45 Wash. 594, 88 Pac. 1027; *Mills v. Knudson*, 54 Wash. 614, 103 Pac. 1123; *Breese v. Hunt*, 67 Wash. 398, 121 Pac. 853. In the case last cited, speaking upon this question, it was said:

"Since the respondent did not purchase the actual property of the corporation his only means of knowledge of such property was by inquiry from parties who knew. If therefore he inquired of the appellant and the appellant misrepresented the facts and thereby caused him a loss, we can see no reason why he is not responsible for such loss."

II.   From the facts stated, it appears that S. R. McGowan as owner of twenty shares of stock in the Johnson Mercantile Company, of which he was then vice president and secretary, sold these shares and the twenty shares which Coddington

owned, to the respondent Carlson, taking the note which is the subject of this suit. He directed that the note be made payable to the S. R. McGowan Company, of which corporation he was the president and manager. There is no evidence that any consideration moved from the S. R. McGowan Company on account of the note. Under the record, this company either held the note as trustee for McGowan, or it was a gift to it. In either case, it would not be a purchaser in due course. Therefore, any infirmity in the note on account of fraud in the transaction was available as a defense.

III.   Error is also sought to be predicated upon certain instructions given by the trial court to the jury. Exceptions to the instructions which were questioned were made in writing and filed with the clerk of the court. Nowhere does the record show that they were at any time called to the attention of the trial judge. It has become the settled law in this state that, in order to have exceptions to instructions reviewed by this court, it is necessary that the record show that they were called to the attention of the trial court, and that he have an opportunity to correct the error, if any appeared. *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202; *Gerber v. Aetna Ind. Co.*, 61 Wash. 184, 112 Pac. 272; *White v. Ratliff*, 61 Wash. 383, 112 Pac. 502; *State v. Neis*, 74 Wash. 280, 113 Pac. 444; *State v. Macleod*, 78 Wash. 175, 138 Pac. 648.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.