[No. 7162. Decided April 1, 1908.]

JOHN PITMAN, *Respondent*, v. WILLIAM P. ERSKINE, *Appellant*.[1]

SALES—RESCISSION BY VENDEE—MISREPRESENTATIONS. An action for rescission of a sale of personal property constituting a restaurant outfit may be based upon misrepresentations by the vendor as to the amount of indebtedness outstanding against the property, within the knowledge of the vendor and unknown to the vendee, and which induced the vendee to make the purchase.

SAME—EVIDENCE—PAROL—TO VARY WRITTEN CONTRACT. In an action for the rescission of a written contract for the sale of personal property, on the ground of misrepresentations of the vendor as to the amount of indebtedness outstanding against the property, it is not error to exclude evidence to show that the vendee was requested, and declined, to investigate as to the amounts due, where the effect of the evidence would have been to vary the terms of the written contract.

Appeal from a judgment of the superior court for King county, Griffin, J., entered September 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to rescind a contract of sale. Affirmed.

[1]Reported in 94 Pac. 921.

*H. A. P. Myers,* for appellant.

*Shank & Smith,* for respondent.

ROOT, J.—Plaintiff brought this action to rescind a sale of personal property consisting of the furniture and accessories of and for a restaurant. From a judgment and decree in plaintiff's favor, defendant appeals.

The purchase price of the restaurant was $1,600, of which respondent paid $500 in cash, assumed a debt of $284 due the Grote-Rankin Company, and gave his notes for the balance, $816. Respondent took immediate possession. The Grote-Rankin indebtedness was to be paid at the rate of $50 per month. The complaint, after setting forth the terms of the sale, contained the following allegations:

"(2)   That the said sale was made upon the representations made by defendant that the entire outfit of said restaurant was free and clear of all liens and incumbrances excepting the above mentioned bill due the Grote-Rankin Company.

"(3)   That said representations were false, in that a large portion of said outfit had been conditionally sold to persons through whom the defendant claimed by Grote-Rankin Company; and that there was yet unpaid upon said conditional sale the sum of three hundred and thirty-four and 54-100 dollars ($334.54), and that the said sum was payable at the rate of one hundred dollars ($100) per month. That the cash register in said outfit had also been conditionally sold and had not yet been paid for, and other portions of said outfit had been conditionally sold by other parties to this plaintiff yet unknown, and there are bills still due against the said property in amounts unknown by this plaintiff, and all of said sums are valid claims against the said property.

"(4)   That the plaintiff is unable to pay the said sum of $100 per month to Grote-Rankin Company, and that said company is now threatening and will take possession of the said portion of said outfit which was conditionally sold by them, and the defendant knew at the time of the plaintiff's purchase that the plaintiff would not be able to pay said sum of $100 per month, and the plaintiff would not have made said purchase if he had known of the true state of affairs, but he made said purchase relying upon said representations

of defendant, and relying upon the warranty contained in said bill of sale.

"(5)　That the plaintiff did not learn of the true state of affairs until the 10th day of May, 1907, and thereupon immediately tendered back to the defendant the said restaurant outfit, and demanded of the defendant the return of said sum of $500 and the said notes, but the defendant refused to return the said sum of $500 and said notes; and the plaintiff hereby tenders back to the defendant the said restaurant outfit."

At the time of the sale by appellant to respondent, the former gave the latter an affidavit setting forth that there were no bills unpaid, this affidavit being given apparently in compliance with the statute as to "sales in bulk." The bill of sale warranted the title to said goods except as to the Grote-Rankin indebtedness of the $284, which was stated as being payable at the rate of $50 per month.

Appellant urges that the complaint does not state facts sufficient to constitute a cause of action, and anyhow not a cause for equitable relief, in that the misrepresentations made were not sufficient to have misled the respondent, and in that the respondent should have demanded that appellant pay the excess indebtedness and adjust the matter in regard to the payments. We think, however, that the complaint was sufficient; and are also of the opinion that the evidence sustains the judgment and decree. Numerous cases are cited by appellant wherein this court held that certain promises and false representations did not constitute such misrepresentations as would justify a rescission of a contract, but we think these are all clearly distinguishable from the case at bar. A mere promise to do something in the future, or a statement of that as a fact which is not a fact but the existence or non-existence of which does not mislead the other party, or the statement as a fact of some matter which the other party can readily see and know not to be a fact, has been held insufficient to sustain an action for rescission. But in the case at bar there was a misrepresentation made as to the amount of

indebtedness outstanding against the property transferred, and as to the contracts affecting such property. These were matters clearly within the knowledge of the appellant, but not within the knowledge of respondent, and the latter's omission to ascertain about these matters prior to the purchase we do not deem sufficient to prevent him from maintaining an action for rescission, when commenced promptly after he discovered the misrepresentations.

It is urged that the lower court erred in excluding oral testimony of one Latch, to the effect that plaintiff was requested to go and see the vendors as to the amounts due, and said he knew that everything was all right and that it made no difference as Erskine (the appellant) was worth it anyhow. The effect of this evidence would have been to contradict or vary the terms of the written contract of sale made by and between the parties. Under the circumstances shown here, we do not think that the court erred in rejecting this proffered testimony.

No error appearing in the record, the judgment of the superior court is affirmed.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.