[No. 7909. Department Two. September 24, 1909.]

JONATHAN MILLS, *Respondent*, v. S. EDWARD KNUDSON *et al.*, *Appellants.*[1]

FRAUD—IN SALE OF STOCK—PLEADINGS—COMPLAINT—SUFFICIENCY. A complaint states a cause of action for fraud in the sale of shares of corporate stock in that the vendor falsely represented that the corporation was not indebted on certain promissory notes, without alleging that the plaintiffs had paid the notes, or without alleging the value of the stock, or stating in so many words, that it was of less value by reason of liability on the notes.

SAME—MEASURE OF DAMAGES. The measure of damages for falsely representing, on the sale of one-half of the stock of a corporation, that it was not indebted, would be one-half of the amount of the indebtedness.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 10, 1908, upon findings in favor of the plaintiff, in an action to recover damages for fraud in the sale of shares of stock. Affirmed.

*John L. Dirks*, for appellants.

*Warren W. Tolman*, for respondent.

PARKER, J.—The substance of the allegations of plaintiff's complaint, so far as necessary for our consideration, is as follows: That the defendants are husband and wife, and prior to June 2, 1908, were owners of fifty shares, being one-half, of the capital stock of the Knudson-Winans Company, a corporation existing under the laws of the state of Wash-

[1]Reported in 103 Pac. 1123.

ington; that defendant S. Edward Knudson was duly author-
ized to sell and dispose of said stock for defendants; that
prior to June 2, 1908, plaintiff entered into negotiations for
the purchase of said fifty shares of stock, which were con-
tinued until that, day, when defendant S. Edward Knud-
son, acting for himself and wife, falsely and fraudulently and
for the purpose of inducing plaintiff to purchase said stock,
represented to said plaintiff, as a part of said negotiations,
that the said corporation was not in any way indebted upon
or liable to pay any promissory note or notes whatsoever;
that plaintiff believed and relied upon said statement, so made
by defendant, and so believing and relying, and induced there-
by, purchased all of said fifty shares of stock from defendants
and paid therefor $6,500 in money and property; that de-
fendant S. Edward Knudson was, on and prior to that day,
an officer of the corporation, had been actually identified
with its business, and the facts as to its indebtedness and
liabilities were peculiarly within his knowledge, and that the
plaintiff had no knowledge or means of knowledge as to said
indebtedness and liability, other than the statements and rep-
resentations of the defendant S. Edward Knudson; that after
the purchase of said stock, and after parting with his money
and property in the purchase thereof, plaintiff discovered for
the first time, and alleges the fact to be, that said corpora-
tion was on said 2d day of June, 1908, the maker of and
liable upon three certain promissory notes payable to the
Union Savings Bank, in the sum of $2,046.10 including prin-
cipal and interest, which the defendants and each of them
then and there well knew; that, by reason of the false and
fraudulent representations so made, the plaintiff was damaged
in the sum of $1,100; for which sum judgment is demanded
against defendants.

·To this complaint defendants interposed a general de-
murrer upon the ground that it did not state a cause of
action. The demurrer being overruled, defendants answered,
denying only the allegations of the complaint charging de-

fendant S. Edward Knudson with making false representations as to the note indebtedness of the company, the reliance thereon by plaintiff in purchasing the stock, and the damage to plaintiff. A trial before the court without a jury resulted in findings and judgment favorable to plaintiff in the sum of $1,023.05. Thereafter, defendants' motion for a new trial being denied, they appealed.

Error is assigned upon the overruling of the demurrer to the complaint, by the trial court. It is contended by learned counsel for appellants that the complaint is insufficient in that it does not allege that the company or plaintiff has paid any part of the notes. We do not think such an allegation was necessary, in view of the allegation of the company's liability upon the notes as maker at the time of the sale of the stock to plaintiff. If this allegation be true, then the net resources of the company would be impaired to that extent, before as well as after the payment of the notes.

It is also argued that the complaint is defective in that the value of the stock is not alleged therein, nor is it alleged that the stock was any less in value by reason of the company's liability on the notes. We are unable to agree with this contention. Plaintiff's damage consisted of the amount of the depreciated value of the stock resulting from the existence of this liability, regardless of its total value. The very terms of the sale, agreed to by all the parties, shows it, in any event, had a considerable greater total value than the liability of the company evidenced by these notes; so that the stock sold, being one-half the total capital stock of the company, was affected in its real value to the extent of one-half of this liability. We think this is a correct measure of damage, if the allegations of the complaint be true. Nor do we think it necessary that the complaint should allege, in so many words, that the stock was less valuable by reason of these outstanding notes. That is a conclusion deducible from the facts already alleged in this complaint. We are of the

opinion that the facts stated in the complaint, if true, entitled plaintiff to recover.

It will be observed from the foregoing review of the pleadings that the only issue of fact involved was as to the alleged false representations made by appellant S. Edward Knudson, and respondent's reliance thereon, in making the stock purchase. Upon these questions of fact the court found against appellants substantially as alleged in the complaint. The correctness of such findings was challenged by appellants, by exceptions duly taken, and the evidence is brought here for our review thereof. We have carefully read all of this evidence and find some considerable conflict therein. There was, however, testimony direct and positive in support of the findings, and we are not disposed to disturb them.

In so far as we deem it necessary to notice them, the other arguments of counsel for appellants upon the merits are disposed of in our remarks upon the demurrer. We conclude the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., MOUNT, DUNBAR, and CROW, JJ., concur.