[No. 9872. Department One. March 9, 1912.]

L. H. BREESE, *Respondent*, v. J. F. HUNT, *Appellant*.[1]

FRAUD—ACTIONABLE DECEIT—SALE OF CORPORATE STOCK—RESCISSION—EVIDENCE—SUFFICIENCY. In an exchange of the corporate stock of one corporation for that of another, fraudulent representations relate to matters of fact which may be relied upon rather than to opinions requiring investigation, and are actionable, where the amount of the personal and real property of the corporation, its profits, dividends, debts and outstanding contracts were misrepresented, nothing was delivered except the shares of stock, and there was no way to ascertain the truth except by inquiry, and statements of officers of the corporation were relied upon.

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence will not be disturbed on appeal when supported by substantial evidence.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. The admission of immaterial evidence is harmless where it could not have misled the jury.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered June 22, 1911, upon the verdict of a jury rendered in favor of the plaintiff. Affirmed.

*Canton & Hensel*, for appellant.

*W. A. Reneau, G. G. Hannan*, and *Merritt, Oswald & Merritt*, for respondent.

[1]Reported in 121 Pac. 853.

FULLERTON, J.—In the latter part of the year 1910, the respondent owned a majority of the shares of stock of the Breese-Weber Hardware Company, a private corporation, doing a hardware business at Wenatchee. He was also the owner of a house and lot in the same city. The appellant owned a majority of the shares of stock of the Waterville Livery & Stage Company, a corporation, doing a livery and stage business at Waterville. Each of the parties had their respective properties listed for sale with a broker doing business at Wenatchee, and the broker brought the parties together with a view of effecting an exchange of properties. The parties were the active managers of their respective corporations, and took up the negotiations personally, the one pointing out to the other the property and effects of the corporation he represented. The negotiations finally resulted in an exchange and delivery of the properties, the one being taken for the other.

Shortly after the respondent received his shares of stock in the Waterville corporation, he brought the present action for fraud and deceit, alleging in his complaint that the corporation did not own all of the property which the appellant pointed out to him as property of the corporation, and that he had misrepresented its financial condition in other respects. In particular, it was alleged that the appellant stated and represented to the respondent that the corporation owned 45 head of good work horses, mares and geldings, of the value of $4,500, whereas it actually owned only 40 head of such work horses; that he stated and represented that the corporation owned 340 acres of wheat land, of the value of $21 per acre, whereas, it actually owned but 280 acres of such land; that he stated and represented that the corporation was free from debt, owing but a trifling amount, less than $50, whereas it actually owed $1,153.52; that he stated and represented that the corporation had a contract with the government of the United States for the carrying of the United States mail between Waterville and Bridgeport, which

had then nearly four years to run, and that he had no reason
to think the government would cancel or discontinue the
contract, whereas he had then been notified by the govern-
ment that the contract would be discontinued from and after
a certain date, and that the government did shortly there-
after discontinue and cancel such contract; that he stated
and represented that the corporation was doing a profitable
business and had paid a dividend to its stockholders in the
previous year of 35 per cent, whereas it had paid no dividend
to its stockholders whatever for the previous year; and that
he stated and represented that the business was then paying
a dividend of 25 per cent to its stockholders, whereas it was
then running at an actual loss to its stockholders.

To the complaint, a general demurrer was interposed, and
overruled; whereupon the appellant answered to the merits
of the complaint, putting in issue the allegations of fraud
and deceit. A trial was had thereon before a jury, which
resulted in a verdict in favor of the respondent for $1,516.85,
on which judgment was subsequently entered.

The appellant first contends that his demurrer to the com-
plaint should have been sustained for the reason that the mis-
representations alleged to have been made by him are not
actionable, being matters the truth or falsity of which the
respondent knew or by reasonable diligence on his part
could have known. In support of his contention, the ap-
pellant cites, *Washington Cent. Imp. Co. v. Newlands*, 11
Wash. 212, 39 Pac. 366; *West Seattle Land & Imp. Co. v.
Herren*, 16 Wash. 665, 48 Pac. 341; *Griffith v. Strand*, 19
Wash. 686, 54 Pac. 613; *Walsh v. Bushell*, 26 Wash. 576,
67 Pac. 216; *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180,
and *Pigott v. Graham*, 48 Wash. 348, 93 Pac. 435, 14 L. R.
A. (N. S.) 1176.

An examination of these cases will show that they are
based upon the principle that the alleged false representa-
tions either related to mere matters of opinion, or to matters
as much within the knowledge of the party claiming to have

been deceived by them as they were within the knowledge of the party making them. But it is manifest that, in the case at bar, the representations related to matters of fact, and that the respondent did not necessarily have knowledge or means of knowledge of the truth of such matters. It must be remembered that there was no sale and delivery of the corporate property of the corporations. The exchange was of shares of stock, and all that was delivered to the respondent was shares of stock in the corporation represented by the appellant; hence, there was chance for him to repudiate the sale because the property contracted for was not delivered. Since the respondent did not purchase the actual property of the corporation his only means of knowledge of such property was by inquiry from parties who knew. If therefore he inquired of the appellant and the appellant misrepresented the facts and thereby caused him a loss, we can see no reason why he is not responsible for such loss. The case at bar is within the rule of *Daniel v. Glidden*, 38 Wash. 556, 80 Pac. 811, and *Gilluly v. Hosford*, 45 Wash. 594, 88 Pac. 1027, where it was held that a person dealing with a corporation might rely upon the statements of its officers as to its financial condition and reliability, rather than within the rule of the cases cited. See further: *Curtley v. Security Sav. Society*, 46 Wash. 50, 89 Pac. 180; *Pitman v. Erskine*, 49 Wash. 166, 94 Pac. 921; *Mills v. Knudson*, 54 Wash. 614, 103 Pac. 1123; *Davis v. Lee*, 52 Wash. 330, 100 Pac. 752, 132 Am. St. 973. We think that the misrepresentations are actionable and that the court did not err in overruling the demurrer.

It is next contended that the evidence is insufficient to justify the verdict. But without entering upon its review, we think it ample in this respect. It is true that there was a strenuous conflict as to practically all of the material questions of fact presented, and it may be, as the appellant attempts to demonstrate, that in certain instances the jury took the respondent's version of the matter where the weight

of the evidence appears to be with the appellant. But these are not questions for the consideration of this court. We find there was substantial evidence supporting the verdict, and this ends the inquiry.

It is next assigned that the court erred in the admission of evidence. The respondent, while on the witness stand, was asked concerning the appellant's statements with reference to the book accounts due the Waterville corporation; and over the appellant's objection to the effect that there was no controversy over the book accounts, was allowed to answer that the appellant said, "they amounted in the neighborhood of $2,000; that he could not tell exactly without going over the books." After reading the record, it is hard to see the materiality of this inquiry, but we are clear, nevertheless, that it was not prejudicial. It gave the jury no misinformation, and they could not have been misled by the answer in any way. Error without prejudice is not a cause for reversal.

Exceptions were taken to certain of the instructions given by the court to the jury, but we find the instructions applicable to the questions before the jury, and to be without error.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.