[No. 12154. Department One. April 13, 1915.]

CHARLES L. GILLETTE et al., Respondents, v. C. H. ANDERSON et al., Appellants.[1]

EXCHANGE OF PROPERTY—VALIDITY—FRAUDULENT REPRESENTATIONS —MATERIALITY. Plaintiffs are entitled to rescission of a contract and cancellation of a deed given in exchange for a hotel lease and furniture, on the ground of false and fraudulent representations, where the defendants represented to plaintiffs that the hotel had a good patronage and was a money maker, making a profit of from $200 to $450 per month, according to the college season, whereas the hotel had been a losing proposition at all times, and further represented that the furniture was clear of incumbrances, when in fact it was subject to a chattel mortgage for $750, upon which fraudulent representations plaintiffs relied in making the exchange.

EXCHANGE OF PROPERTY—RESCISSION—TIME. A delay of three months in claiming rescission of a contract for the purchase of a hotel would not constitute a waiver of the right, where the party seeking rescission had merely waited until the falsity of the representation that the larger part of the profits of the hotel would be realized during the college year had been fully demonstrated; since the fact that the purchasers had examined the hotel in advance would not be sufficient in itself to put them upon notice as to the constancy of its business or the ordinary receipts, such matters being within the knowledge of the vendors only, upon whose representations the purchasers would be justified in relying.

SALES—FRAUD—FALSITY—INCUMBRANCE. A representation by a vendor of hotel furniture that there was no incumbrance on it would be fraudulent as to the purchaser, when in fact there was an existing chattel mortgage thereon, even if, under the advice of his attorney, the vendor did not deem the mortgage a valid lien.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 10, 1914, upon findings in favor of the plaintiffs, in an action for cancellation. Affirmed.

Van Dyke & Thomas, for appellants.

Earle & Steinert, for respondents.

[1] Reported in 147 Pac. 634.

CROW, J.—This action was commenced by Charles L. Gillette and Mabel V. Gillette, his wife, against C. H. Anderson and Violet Anderson, his wife, to rescind a contract and cancel a deed by which plaintiffs had conveyed certain real estate to defendants. From a judgment in plaintiffs' favor, the defendants have appealed.

On and prior to June 22, 1913, respondents were the owners of two lots, improved with a dwelling house, in the plat of Rainier Beach, in King county, subject to a $1,000 mortgage, and liens for taxes and special assessments. Appellants were the owners of a building known as the Lakeside hotel, located in Brooklyn addition to Seattle. They also owned the furniture in the hotel. This hotel, which recently had been conducted by appellants and other parties as a lodging and boarding house, was located in the university district, and was patronized by university students, as well as other roomers and boarders. Between June 21 and June 28, 1913, appellant C. H. Anderson caused one E. B. Benson, his agent, to advertise the furniture and hotel business for sale, which he did by inserting the following advertisement in the Seattle Sun:

"Sickness forces owner of hotel, kitchen, dining and forty furnished rooms to lease, sell or trade for land or lots. Best of location, always full; a money maker; for man and wife, a fortune."

This advertisement challenged the attention of Mr. Gillette, who called on Mr. Benson and was by him referred to the appellant C. H. Anderson. Negotiations between the parties resulted in an agreement whereby respondents conveyed to appellants their lots in Rainier Beach subject to the $1,000 mortgage, in consideration of which appellants transferred to them the furniture in the Lakeside hotel, and leased the hotel to them for three years, at a rental of eighty dollars per month for the first two months, $100 for the third month, and $125 per month thereafter, payable monthly in advance. Appellants were to allow respondents a credit of

$600 additional as boot in the trade, $160 of which was to be applied in satisfaction of the first two months' rent of the hotel; a portion was to be applied in payment of taxes and assessment liens upon the Rainier Beach lots, a commission for an extension of the mortgage thereon, and a portion was to be applied on the last rentals which would fall due on the lease. Respondents claim that appellants were to pay $50 to them in cash. This appellants denied. Respondents took possession of the hotel and furniture about July 15, 1913, and held the same until October 21, 1913. In September, 1913, respondents, claiming they had been defrauded, tendered a surrender of the lease and hotel, demanded a reconveyance of the Rainier Beach lots, and commenced this action for a rescission. They alleged, and the trial court found, that appellants had made numerous false and fraudulent representations, upon which respondents relied. We will mention two only of these representations, which we regard as sufficiently material, false and fraudulent, to require an affirmance of the judgment.

It appears from the evidence that appellants had personally conducted the hotel; that they represented to respondents it had a good patronage, was a money maker, had made them a profit of $200 to $450 per month, would make at least $200 per month during the university summer school, and during the regular college year had made as much as $450 per month profit; that respondents relied upon these representations; that they were false and known to appellants to be false, and that the hotel had been a losing proposition at all times. The evidence further shows that, for a short time before the appellants sold the furniture and leased the hotel to respondents, one Atkeson owned the furniture and had an assignment of a lease on the hotel; that on November 18, 1912, while he held the furniture, he executed and delivered a chattel mortgage thereon to one Mackie, for $750, which was not filed with the county auditor until March 15, 1913; that he defaulted to appellants for his rent; that

appellants obtained a judgment against him under which the furniture was sold on execution on June 2, 1913, at sheriff's sale, subject to the chattel mortgage, and was purchased by appellants; that although appellants knew of the chattel mortgage before and at the date of the sheriff's sale, they falsely and fraudulently represented to respondents that the furniture was clear of incumbrance; and that respondents relied upon such statement. All of these fraudulent acts, and others not here mentioned, were found by the trial judge. We have carefully examined the evidence and conclude that, in every particular, it clearly sustains the findings made.

Appellants insist that respondents are not entitled to rescind, for the reason that they examined the hotel before they made the purchase; that they took possession and remained in possession from July 15, 1913, until October 21, 1913; that they paid $100 rent in advance for the third month of the lease; that they had ample time to learn of the existence of any alleged false and fraudulent representations on the part of appellants, and that they should not be permitted to rescind at this time. The evidence shows that appellants told respondents the hotel had made and would make the most money during the regular college year, which did not commence until some time in September. Respondents could not learn the entire falsity of appellants' representations until that time. As soon as they did learn it, they demanded a rescission, and tendered to appellants a surrender of the lease and hotel. In *Johnson v. Ryan,* 62 Wash. 60, 112 Pac. 1114, a similar state of facts was presented, and we there held that the fact that the purchasers examined the hotel in advance was not in itself sufficient to put them upon notice as to the constancy of the business or the ordinary receipts, such facts in the nature of things being known only to the vendors upon whose representations the purchasers were justified in relying. Here the reasonable time required to ascertain the falsity of appellants' representations would necessarily extend into the month of September, when the

regular school year at the university would commence, and the larger part of the profits represented by appellants would be realized, if at all. Respondents acted with due diligence in rescinding the contract.

Appellants further contend that they had been advised by their attorney that the chattel mortgage executed by Atkeson was not a valid lien when they made the sale to respondents. They knew of the existence of the mortgage, and that Mackie was attempting to foreclose it. They certainly knew that respondents did not want to buy a lawsuit. It was their duty in good faith to advise respondents of the facts, and not subject them to the necessity of defending their title to the furniture. From the entire record, we are satisfied that the appellants deliberately defrauded respondents and induced them to purchase a hotel which appellants knew had always been a losing proposition.

The contract was properly rescinded, and the judgment is affirmed.

MORRIS, C. J., PARKER, and CHADWICK, JJ., concur.