[No. 16752. Department Two. July 7, 1922.]

J. C. MILLER ESTATE, INCORPORATED, *Appellant*, v.
CHARLES DRURY *et al.*, *Respondents*.[1]

EXCHANGE OF PROPERTIES (3)—FRAUD—RESCISSION. The chairman
of the board of directors of a bank is charged with notice that divi-
dends were paid out of net profits, and false representations in that
respect are material and ground for rescission of an exchange of
property for bank stock induced thereby.

PRINCIPAL AND AGENT (56)—REPRESENTATIONS OF AGENT—LIA-
BILITY OF PRINCIPAL. Where an agent acted for both parties in an
exchange of property and made false representations for one result-
ing in loss or damage to the other, the party on whose behalf the
representations were made is bound.

BANKS AND BANKING (1, 3)—STOCKHOLDERS' LIABILITY—ASSESS-
MENTS. The payment by stockholders of an assessment made on
notice by the bank examiner for replacement of impaired capital
does not avoid liability for the constitutional superadded liability.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered July 27, 1921, upon
findings in favor of the defendants, dismissing an
action for rescission, tried to the court. Reversed.

*Bates & Peterson*, for appellant.

*A. R. Titlow*, for respondents.

MACKINTOSH, J.—Charles Drury, during the time of
the occurrence of the incidents which form the founda-
tion of this litigation, was chairman of the board of
directors of the Scandinavian-American Bank of Ta-
coma, and in September, 1920, exchanged eighty shares
which he owned of the capital stock of that bank for an
apartment house owned by the appellant. This is a
suit to rescind the transaction, and is founded upon the
alleged misrepresentations and fraud of the respond-
ents and their agents.

[1]Reported in 208 Pac. 77.

The representations made were that the bank stock was of the value of $125 per share and was earning dividends at the rate of ten per cent per annum, and that the bank was in a prosperous condition. The testimony shows that these allegations were false; were made for the purpose of inducing the appellant to enter into the contract; that they were so acted upon, and that the appellant had no knowledge in regard to the matters represented, and had reason to believe them to be true.

It is unnecessary to review the testimony which shows that the bank was financially unsound, which was evidenced by the fact that it was placed in the hands of the liquidators within four months after the transactions here under investigation. Drury, as chairman of the board of directors, was charged with the knowledge that the dividends which had been paid had not been paid out of the net profits of the bank, but were in fact a distribution of the bank's capital. *Jones v. Concord & M. R. R.,* 67 N. H. 119, 38 Atl. 120; *Mobile & O. R. Co. v. State of Tennessee,* 153 U. S. 486, 14 S. Ct. 968. A representation made that dividends have been paid under such circumstances was false and material. *Campbell v. Zion's Co-Op. Home Building & Real Estate Co.,* 46 Utah 1, 148 Pac. 401; *Keeler v. Dunham,* 114 App. Div. 94, 99 N. Y. Supp. 669; *Handy v. Waldron,* 18 R. I. 567, 29 Atl. 143, 49 Am. St. 794; *Gilluly v. Hosford,* 45 Wash. 594, 88 Pac. 1027; *Breese v. Hunt,* 67 Wash. 398, 121 Pac. 853; *Jacoby v. Hollada,* 78 Wash. 88, 138 Pac. 558; *Duffy v. Blake,* 80 Wash. 643, 141 Pac. 1149; *Bunck v. McAulay,* 84 Wash. 473, 147 Pac. 33; *Gillette v. Anderson,* 85 Wash. 81, 147 Pac. 634; *Hayes & Porter v. Wood,* 86 Wash. 254, 150 Pac. 1.

The only real question of fact involved in the case is whether the representations made to the appellant were made by the respondents' agent. The testimony shows

that one Barnes, on September 17, 1920, who was an employee of R. E. Anderson Company, real estate dealers in Tacoma, presented to the appellant's agent in Seattle the following letter:

"September 17, 1920.
"R. E. Anderson & Co., Inc.,
          "Tacoma, Washington.
     "Gentlemen:   I hereby authorize you to make to the owner of the property known as the Elite Apartments, situated on the corner of North 11th and Sheridan Avenue, and being the Southeasterly half of Lots 1-2-3, Block 4027, New Tacoma, having a frontage on North Sheridan Avenue of seventy-five feet by a depth on North 11th Street of sixty feet, and for the equity in said property I will convey to the owner thereof, eighty shares of stock of the Scandinavian-American Bank of Tacoma, at the price of $125 per share, making a total of Ten Thousand Dollars, and the said property to be free and clear of all encumbrances, taxes, liens, assessments of any kind or nature, save and except a certain mortgage in the sum of Fifty-five Hundred Dollars, now against said property.   Interest on encumbrance, rents and insurance premiums to be adjusted as of date of completion of transaction, abstract of title showing the same free and clear, save as to mortgage of Forty-five Hundred Dollars, above referred to, to be furnished by owner of apartment property.

     "This offer is good until Monday at five p. m. September 20, 1920.

"Yours truly,
          "(Signed) Norman Martyn."

This letter was written by Barnes and by him given to Drury, who signed his name as Norman Martyn. Barnes, in his negotiations with the appellant's agent, did not disclose Drury's name.  A great deal of testimony was taken as to whether Barnes was in fact the agent of Drury or was acting on behalf of the appellant.  Although the trial court decided the case upon this question of fact, and found that Barnes was not

Drury's agent, our review of the testimony satisfies us that it preponderates enormously against this finding of the trial court, and we are thoroughly satisfied that Barnes, in making the representations that he did, was acting on behalf of the respondents. The most that could be contended for under the evidence is that Barnes might have been the agent of both parties, but even that would not relieve the respondents of responsibility for representations he made, for where an agent acts for both parties and consummates an exchange of property, this court has held that the party on whose behalf the misrepresentations were made, when they have resulted in loss or damage to the other, is bound. *Hoerling v. Lowry,* 58 Wash. 426, 108 Pac. 1090.

Furthermore, even assuming that Barnes may have been only the agent of the appellant, Drury himself made statements to Barnes which were transmitted by him to the appellant which were themselves sufficient to charge the respondents directly with the making of misrepresentations of material facts, namely, Drury stated to Barnes that the stock was paying dividends, which we have already seen was untrue.

A question of law is presented upon the return to the respondents of the stock which they delivered to appellant. The capital stock of the Scandinavian-American Bank of Tacoma was originally $200,000, which was subsequently increased to $400,000, and the shares which the respondents delivered were shares either of this original or increased issue, upon which an assessment of one hundred per cent was laid and paid by the respondents. Subsequently the capital stock was increased from $400,000 to $1,000,000, and upon this increase no assessment had ever been made. The stock which was tendered back by the appellant consisted of seventy shares of the original issue and

ten shares were of the increase of $600,000. It is contended that this was not a tender of the exact property received by the appellant, it being the claim that the ten shares would be subject to a further assessment under the banking law, whereas the entire eighty shares originally delivered were exempt from such assessment, having once paid an assessment of one hundred per cent. There is no merit in this contention, as all of the stock was liable for the superadded liquidation liability, as we have held in *Duke v. Force, ante* p. 599, 208 Pac. 67.

There is evidence that four shares had been sold by the appellant, for which $500 was received. The judgment of the court, therefore, will be that the transaction be rescinded upon the payment of the $500 and the return of 76 shares of the capital stock and the $200 received by the appellant as so-called dividend while in its possession. Upon the payment here provided for, the property received by the respondents is to be reconveyed to the appellant.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.