[No. 20801. Department One. October 17, 1927.]

## LEWIS M. HURD et al., Respondents, v. HENRY BUGNON et al., Appellants.[1]

[1] VENDOR AND PURCHASER (60, 73)—RESCISSION BY PURCHASER—
FRAUD—EVIDENCE. A finding of fraud and misrepresentations,
warranting a rescission of a trade of real property, will be
sustained, where the evidence does not preponderate against it,
and it cannot be conceived that the property would have been
taken unless it had been misrepresented as claimed. ·

[2] SAME (26, 64)—RESCISSION—ESTOPPEL OR WAIVER—DUTY TO IN-
VESTIGATE. The purchaser's duty to investigate the property
will not prevent a rescission for fraud which was calculated to
and did prevent an inspection.

[3] PRINCIPAL AND AGENT (56)—REPRESENTATIONS OF AGENT—
LIABILITY OF PRINCIPAL. Where an agent acted for both parties
in an exchange of property and made false representations for
one resulting in loss or damage to the other, the party on whose
behalf the representations were made is bound.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered November 8, 1926,
upon findings in favor of the plaintiff, in an action for
rescission, tried to the court. Affirmed.

*Ned Roney,* for appellants.

*John F. Reed* and *David J. Williams,* for respond-
ents.

TOLMAN, J.—This is an action for rescission on the
ground of misrepresentation and fraud. Being an
equitable proceeding, it was tried to the court. No
findings of fact were made except such as are recited
in the decree, which awarded to plaintiffs the relief
sought. The defendants have appealed, assigning as
error only the making of the decree granting the relief
prayed for.

The chief contention seems to be that the decree is

[1]Reported in 260 Pac. 250.

not supported by the evidence. The case being triable *de novo* here, we have studied the evidence as disclosed by the record, with the result that, while with respect to the location of the property received by the respondents in exchange for their own, and as to there being no payments in arrears on the contract of purchase thereon, which was the chief consideration moving to respondents, we are not wholly satisfied that misrepresentations were made or relied upon.

[1] But if these two grounds be removed, the remaining allegations as to misrepresentation and fraud were amply sufficient, if satisfactorily proved, to warrant a rescission. That they were satisfactorily proved to the mind of the trial court, its decree evidences. On some points, there was a greater number of witnesses for the appellants, but when the interest of the several witnesses is considered, we cannot see that in any material matter, necessary to support the decree, the evidence preponderates against it. Indeed, convinced, as we are, that the property received by the respondents was in substantially the condition, of about the rental value, and probably of about the sale value, which their evidence indicates, we cannot conceive of their accepting it, unless it was misrepresented as they claim.

[2] That brings us to the duty to inspect, when the property is at hand. There is no question that such a duty exists. But it is equally beyond question that, where the exercise of that duty has been prevented by artifice or fraud, the party so preventing the inspection cannot be heard to urge the omission as a defense. *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903. That the acts and misrepresentations shown were calculated to and did prevent an inspection, seems well established here.

[3]   Appellant Woten was a real estate broker and represented both parties in the transaction. It is, therefore, urged that, if he made misrepresentations, they afford no ground for relief, because he was the respondents' agent; citing *Mason v. Burnett*, 126 Wash. 498, 218 Pac. 255, and *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180. Neither of these cases is applicable here. There is no suggestion in the record that Woten's authority from his co-defendants was limited in any way, or that respondents sought or obtained from him any information that the Bugnons had not authorized him to give.

"  .   .   .   where an agent acts for both parties and consummates an exchange of property, this court has held that the party on whose behalf the misrepresentations were made, when they have resulted in loss or damage to the other, is bound. *Hoerling v. Lowry*, 58 Wash. 426, 108 Pac. 1090." *Miller Estate v. Drury*, 120 Wash. 628, 208 Pac. 77.

We conclude that the evidence supports the decree, and it is therefore affirmed.

PARKER, ASKREN, FRENCH, and MITCHELL, JJ., concur.