## RUMMEL v. NEW YORK LIFE INS. CO.
### No. 68.
District Court, W. D. Washington, S. D.
Feb. 16, 1940.

Bartlett Rummel, of Tacoma, Wash., in pro. per.

Raymond G. Wright and Clark A. Eckart, both of Seattle, Wash., for defendant.

YANKWICH, District Judge.

The defendant has moved to dismiss the amended complaint, to strike from it and for a more definite statement.

I am of the view that the first cause of action in the amended complaint states a claim upon which relief may be granted. Rules 8(a) and 9(b), Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c.

The undue influence and overreaching of the decedent, an infirm and mentally weak old man, by the agent of the defendant, in selling an annuity contract, is averred with sufficient particularity.

That the agent may have been acting for the decedent as well as for the defendant in the transaction is not decisive of the question of liability.

The capacity in which the representations were made and for whose benefit, are issuable facts of agency upon which liability may rest. They cannot be determined except upon a trial of the issues. Hoerling v. Lowry, 1910, 58 Wash. 426, 108 P. 1090; Miller Estate, Inc., v. Drury, 1922, 120 Wash. 628, 208 P. 77; Hurd v. Bugnon, 1927, 145 Wash. 338, 260 P. 250.

As to the second cause of action, I am of the view that my previous ruling does not stand in plaintiff's way. The original complaint stated one cause of action only. It is true that inadequacy of consideration was alleged as a part of it. That allegation fell with the cause of action when I held it inadequate.

Mere inadequacy of consideration may not be a ground of rescission. But when to inadequacy is added fraud and overreaching a justiciable claim arises. Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 1935, 78 F.2d 881, 884. The second cause of action states such a claim.

On the whole, I am satisfied that the amended complaint states a claim with sufficient particularity and without surplusage.

The motions to dismiss, to strike and for a more definite statement of the claim will, therefore, be, and each of them is, hereby denied.

The defendant may have twenty days to answer.